# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: February 18, 2022

```
* * * * * * * * * * * *
WILLIAM B. STRICKLAND,                *
and, CHRISTINA STRICKLAND            *        UNPUBLISHED
on behalf of E.S.,                    *
                                      *
             Petitioner,              *        No. 18-269V
                                      *
v.                                    *        Special Master Gowen
                                      *
SECRETARY OF HEALTH                  *        Decision on Proffer; Parsonage
AND HUMAN SERVICES,                  *        Turner Syndrome; Diphtheria-
                                      *        Tetanus-acellular Pertussis
             Respondent.             *        ("DTaP"); Hepatitis B; Hib; IPV.
* * * * * * * * * * * *
```

*John W. Frost, II,* Frost Van den Boom & Smith, P.A., Bartow, Florida, for petitioners.
*Mallori B. Openchowski,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON PROFFER[1]

On February 21, 2018, William and Christina Strickland, on behalf of their minor child, E.S. ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act.[2]  Petition (ECF No. 1).  Petitioner alleged that as a result of E.S. receiving the Diphtheria-Tetanus-acellular Pertussis ("DTAP"), hepatitis B, Hib, IPV, and the pneumococcal conjugate vaccines on September 6, 2016 caused him to suffer Parsonage-Turner Syndrome.  *Id.* at Preamble.

On September 17, 2018, respondent filed the Rule 4(c) report conceding that entitlement to compensation for petitioners was appropriate.  Respondent's ("Resp.") Report ("Rept.") (ECF

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**.  This means the opinion will be available to anyone with access to the internet.  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

no. 19).  On September 19, 2018, a Ruling on Entitlement was entered by then Chief Special Master Dorsey, finding that E.S. is entitled to compensation.  Ruling on Entitlement (ECF No. 20).

On February 18, 2022, respondent file a Proffer on Award of Compensation, attached hereto as Appendix A.  Resp. Proffer (ECF No. 91).  Additionally, accompanying the proffer, respondent filed a Funding Plan for the Life Care Plan.  Resp. Proffer, Appendix A.  In the proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* at 1-3.  Based on the record as whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, the undersigned awards the following:

A) **A lump sum payment of $217,846.98, representing compensation for life care expenses in the first year after judgment ($14,615.55) and pain and suffering ($203,231.43), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of E.S., for the benefit of E.S.**

B) **A lump sum payment of $11,460.79, representing compensation for past unreimburseable expenses, in the form of a check payable to petitioners, William B. Strickland and Christina Strickland.**

C) **An amount sufficient to purchase the annuity contract, subject to the conditions described in the proffer and appendix.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the foregoing.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| WILLIAM B. STRICKLAND and CHRISTINA M. STRICKLAND, on behalf of E.S., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | **No. 18-269V** |
| | ) | Special Master Gowen |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) | ECF |
| Respondent. | ) ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 21, 2018, William and Christina Strickland ("petitioners"), on behalf of their minor child, E.S., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that E.S. suffered Parsonage Turner Syndrome, or brachial neuritis, as the result of Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Hepatitis B, Hib, IPV, and pneumococcal conjugate vaccinations administered on September 6, 2016.  Petition at 1.  On September 17, 2018, respondent filed his Rule 4(c) report in which he conceded that entitlement to compensation for brachial neuritis following DTaP vaccination was appropriate under the terms of the Vaccine Act.  Respondent's Rule 4(c) Report at 1.  ECF Doc. No. 19.  Accordingly, on September 19, 2018, then Chief Special Master Dorsey issued a Ruling on Entitlement, finding that E.S. is entitled to vaccine compensation.  ECF Doc. No. 20.

I. **Items of Compensation**

A. Life Care Items

Respondent engaged life care planner M. Virginia Walton, M.S.N., RN, FNP, CLCP, and petitioner engaged Michael Shahnasarian, Ph.D., CLCP, to provide an estimation of E.S.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) report. All items of compensation identified in the life care plan are supported by the evidence and are illustrated by the chart entitled Appendix A: Items of Compensation for E.S., attached hereto as Tab A.[1] Petitioners agree.

B. Pain and Suffering

Respondent proffers that E.S. should be awarded $150,000.00 in actual pain and suffering and $100,000.00 in projected pain and suffering with the latter discounted to a net present value of $53,231.43, for a total award of $203,231.43. See 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

C. Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to E.S.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $11,460.79. Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

## II.    Form of the Award

The parties recommend that the compensation provided to E.S. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $217,846.98, representing compensation for life care expenses in the first year after judgment ($14,615.55) and pain and suffering ($203,231.43), in the form of a check payable to petitioners as guardian(s)/ conservator(s) of the estate of E.S., for the benefit of E.S.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of E.S.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.S. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $11,460.79, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, William B. Strickland and Christina Strickland.

C.  An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2]  Should E.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

respondent's purchase of an annuity, which annuity shall make payments directly to petitioners

only so long as E.S. is alive at the time a particular payment is due.  At the Secretary's sole

discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or

other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total

yearly sum to be paid to petitioners and do not require that the payment be made in one annual

installment.

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or
more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus,
exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have
one of the following ratings from two of the following rating organizations:

     a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

     b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

     c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
AA, AA+, or AAA;

     d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability
Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case
consistent with the Privacy Act and the routine uses described in the National Vaccine Injury
Compensation Program System of Records, No. 09-15-0056.

1.      Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioners agree.

2.      Life-Contingent Annuity

The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as E.S. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of E.S.'s death.

3.      Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of E.S.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.S. upon submission of written documentation of such appointment to the Secretary.

III.    **Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to the court-appointed guardian(s)/

-5-

conservator(s) of the estate of L.A. for the benefit of E.S.:     **$217,846.98**

B.     Past unreimbursable expenses payable to petitioners:     **$ 11,460.79**

C.     An amount sufficient to purchase the annuity contract described
above in section II. C.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 305-0660
mallori.b.openchowski@usdoj.gov

Dated: February 18, 2022